UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW KEITH ALWARD,

    Plaintiff

v.

COUNSELOR T. NOON, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:24-CV-00983

(MEHALCHICK, J.)

**MEMORANDUM**

Plaintiff Matthew Keith Alward ("Alward"), at all times relevant a federal inmate incarcerated at the Low Security Correctional Institution, Allenwood, Pennsylvania ("LSCI-Allenwood"), filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1; Doc. 15). The Court has screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it with prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Alward initiated this action by filing a letter to the Court, wherein he attempted to assert constitutional violations against individuals at LSCI-Allenwood. (Doc. 1). Upon initial review of Alward's filing, the Court found that he failed to comply with Federal Rule of Civil Procedure 3, which provides that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Because this action was not commenced in compliance with Rule 3, the Court Ordered Alward to file a complaint—the only mechanism to commence a civil action in a district court. (Doc. 13). In response, Alward filed a proposed complaint for the Court's review. (Doc. 15).

In the complaint, Alward names the following Defendants: Counselor Noon, Warden Greene, Case Manager Kozer, Regional Director Bronchner, and the Federal Bureau of

Prisons ("BOP"). (Doc. 15, at 2-3). Alward alleges that Defendant Noon sexually assaulted him on three separate occasions. (Doc. 15, at 4). Alward asserts that he sent an email to Warden Greene to report the alleged abuse. (Doc. 15, at 4). He then alleges that Defendant Noon retaliated against him for reporting the abuse by issuing a false disciplinary report against him, which resulted in his placement in the special housing unit, loss of good conduct time and First Step Act credits, loss of privileges, and placement in a greater security facility. (Doc. 15, at 4). Lastly, Alward asserts that Defendants Greene, Kozer, Bronchner, and the BOP failed to protect him from harm. (Doc. 17). For relief, Alward seeks monetary damages, expungement of the disciplinary report, and he demands that the Court remove Defendants from their prison positions. (Doc. 15, at 5).

## II. LEGAL STANDARD

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A[2]. The Court

---

[1] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i)  is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

### III. DISCUSSION

#### A. *BIVENS* CLAIMS

In *Bivens*, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. *See Bivens*, 403 U.S. at 397. The availability of *Bivens* as a cause of action is limited, and the United States Supreme Court "has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017); *see also Hernandez v. Mesa*, 589 U.S. 93, 101-02 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." (internal quotations marks and citations omitted)). Since

---

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

Bivens was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself—a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, *Bivens*, 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and, (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, *Carlson v. Green*, 446 U.S. 14 (1980).

The Supreme Court's decision in *Ziglar v. Abbasi*, 582 U.S. 120 (2017) sets forth a two-part test for determining whether a prospective *Bivens* claim may proceed. First, courts must ascertain whether the case presents a "new context." *Ziglar*, 582 U.S. at 138. If the case differs "in a meaningful way" from previous *Bivens* cases decided by the Supreme Court, "then the context is new." *Ziglar*, 582 U.S. at 139. And the meaning of "new context" is "broad." *Hernandez*, 589 U.S. at 102. Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the *Bivens* remedy. *Hernandez*, 589 U.S. at 102. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar*, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying *Bivens* in a new context," then special factors counseling hesitation exist and a *Bivens* remedy does not lie. *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, 589 U.S. at 102) (internal quotation marks omitted).

The Supreme Court subsequently issued its decision in *Egbert*, which reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new *Bivens* cause of action is "a disfavored judicial activity." *Egbert*, 596 U.S. at 491 (quoting *Ziglar*, 582 U.S. at 135). In a recent decision, the Third Circuit Court of Appeals analyzed *Egbert* and abrogated earlier decisions recognizing that its own extensions of *Bivens* were no longer tenable given recent Supreme Court decisions. *Fisher v. Hollingsworth*, --- F.4th ----, 2024 WL 3820969, at *5 (3d Cir. Aug. 15, 2024) (holding that the Supreme Court decision in *Egbert* "seriously undermines the rationale of *Bistrian* [*v. Levi*, 912 F.3d 79 (3d Cir. 2018)] and *Shorter* [*v. United States*, 12 F.4th 366 (3d Cir. 2021)]"— cases involving inmate-on-inmate assault). The *Fisher* court explained that *Egbert* "tightened the *Ziglar* test and, in doing so, made a strong statement that lower courts should not extend *Bivens* beyond the contexts recognized in *Bivens*, *Davis*, and *Carlson*." *Fisher*, 2024 WL 3820969, at *4. *Egbert*'s "new articulation" of the new context step of the *Ziglar* test "unequivocally narrows the universe of relevant cases to just three," i.e., *Bivens*, *Davis*, and *Carlson*. *Fisher*, 2024 WL 3820969, at *4. In yet another recent decision, the Third Circuit Court of Appeals expressly refused to extend *Bivens* to Eighth Amendment conditions of confinement claims brought by federally convicted prisoners because the Eighth Amendment claim was "far broader in scope than that in *Carlson*." *Kalu v. Spaulding*, 113 F.4th 311, 338, 2024 WL 3884268 (3d Cir. Aug. 21, 2024). Mindful of these decisions, the Court proceeds with *Ziglar*'s two-step analysis.

1. **New Context**

As noted above, Alward asserts three *Bivens* claims: (1) that Defendant Noon sexually assaulted him; (2) that Defendant Noon retaliated against him; and (3) that Defendants

Greene, Kozer, Bronchner, and the BOP were deliberately indifferent to the risk of harm to Alward when they failed to protect him from the assault by Noon.

The Third Circuit Court of Appeals expressly held that a *Bivens* remedy is not available for a federal inmate's claim that a prison guard violated his Eighth Amendment rights by sexually assaulting him. *Kalu*, 113 F.4th at 327-36. Additionally, the Supreme Court has explicitly held that "there is no *Bivens* action for First Amendment retaliation." *Egbert*, 596 U.S. at 499; *see also Vanderklok*, 868 F.3d at 198, 209 (after *Ziglar*, but prior to *Egbert*, the Third Circuit recognized that its prior decisions that assumed the validity of a *Bivens* claim in a First Amendment context were no longer valid and held that *Bivens* did not afford a remedy against airport security screeners who allegedly engaged in a retaliatory prosecution against a traveler who exercised First Amendment rights). Finally, *Fisher* controls the Court's analysis of Alward's claim that Defendants failed to protect him from an assault by Noon. *Fisher* holds that such a claim presents a new context for *Bivens,* and that *Egbert* abrogated the contrary holdings in *Bistrian* and *Shorter*. *Fisher*, 2024 WL 3820969, at *5-8. Hence, the Court concludes that Alward's claims present new contexts for *Bivens* liability.

2. **Special Factors**

Having concluded that Alward's claims present new contexts, the Court must determine whether "there are any special factors that counsel hesitation" in extending *Bivens*. *Hernandez*, 589 U.S. at 102 (internal quotation marks and alterations omitted) (quoting *Ziglar*, 582 U.S. at 136). If a court "ha[s] reason to pause before applying *Bivens* in a new context or to a new class of defendants," then special factors counseling hesitation exist. *Hernandez*, 589 U.S. at 102.

The Court's special factors analysis is controlled by *Fisher*. In that case, the Third Circuit Court of Appeals recognized that the BOP's administrative remedy program is a special factor barring extension of the *Bivens* remedy to new contexts. *Fisher*, 2024 WL 3820969, at *7; *see also Kalu*, 113 F.4th at 346 ("The BOP's [administrative remedy program] is an 'administrative review mechanism[ ]' established by the political branches that 'foreclose[s] the need to fashion a new, judicially crafted cause of action.'" (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Therefore, the administrative remedy program bars this Court from extending *Bivens* to the new contexts presented by Alward's claims.

B. LEAVE TO AMEND

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. Allegheny Cnty.*, 515 F.3d 224, 245 (3d Cir. 2008). The Court will deny leave to amend as futile because Alward's *Bivens* claims fail as a matter of law.

IV. CONCLUSION

The Court will dismiss Alward's complaint with prejudice. An appropriate Order follows.

Dated: October 25, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**